**FOR PUBLICATION**



**FILED**

Jan 15 2013, 9:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**DEBRA H. MILLER**
**JAMES R. FISHER**
Miller & Fisher, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**MARTIN T. FLETCHER**
**DANIEL G. MCNAMARA**
**DAVID E. BAILEY**
Eilbacher Fletcher, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN PICHON, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A03-1201-PL-4 |
| | ) | |
| AMERICAN HERITAGE BANCO, INC., et al., | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
Cause No. 76C01-0603-PL-156

**January 15, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

John Pichon, Jr. appeals the trial court's judgment in favor of American Heritage Banco, Inc. ("AHB")[1] in the amount of $1,189,105.13 plus interest. AHB had filed a complaint alleging that Pichon and others had conspired with the officers of First National Bank of Fremont ("FNBF") to commit criminal acts and seeking payment on two promissory notes executed by Pichon. Pichon filed a counterclaim against AHB, the successor to FNBF, alleging fraud and conversion. Following a bench trial, the trial court entered judgment in favor of Pichon on his counterclaim for conversion and on AHB's claim regarding the $737,000 promissory note ("the $737K note"). And the trial court entered judgment in favor of AHB on the $650,000 promissory note ("the $650K note"). After initially calculating a set-off in favor of Pichon, the trial court granted AHB's motion to correct error and ordered that Pichon owes AHB $1,189,105.13 plus interest. Pichon appeals and raises the following restated issues for our review:

1. Whether the trial court abused its discretion when it excluded from evidence an exhibit purporting to show that the $650K note had been paid.

2. Whether AHB had standing to enforce the $650K note.

3. Whether the promissory notes are unenforceable because they are illegal.

4. Whether the promissory notes were discharged under accord and satisfaction.

5. Whether the trial court erred when it found that Pichon had waived the issue of lack of consideration for the $650K note.

---

[1] Since AHB filed its complaint in this matter, it has changed its name. We use its original name in this opinion for ease of discussion.

6. Whether the trial court erred when it found for AHB on Pichon's counterclaims of fraud and conversion.

7. Whether the trial court erred when it ordered Pichon to pay prejudgment interest on the award.

8. Whether the trial court abused its discretion when it ordered Pichon to pay $150,000 in attorney's fees to AHB.

9. Whether Pichon is entitled to a set-off.

We affirm in part, reverse in part, and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

On December 28, 2000, Pichon executed a promissory note to borrow $737,000 from FNBF in order to buy Growth Parkway Property ("GPP") from MacNeachdainn Corporation, which was owned and controlled by George McNaughton ("George"). George's brother Earl McNaughton ("Earl") was the president, chairman of the board of directors, and chief executive officer of FNBF. FNBF was a wholly owned subsidiary of AHB from 1995 to 2005. Earl is the majority shareholder in AHB, a closely held corporation. The $737K note had a term of one year and was secured by a mortgage on the GPP.

In November 2002, Earl asked Thomas Christlieb, Pichon's loan officer at FNBF, to ask Pichon to borrow $650,000 from FNBF and to allow the proceeds to be disbursed to Earl. Pichon agreed and, on November 15, 2002, Pichon executed a promissory note to borrow $650,000 from FNBF. That loan was unsecured, and the money was disbursed to Earl with Pichon's knowledge.

In December 2002, Pichon sold GPP for $729,000, and FNBF received the proceeds from that sale. Christlieb then executed a mortgage release indicating that the

$737K note had been satisfied. However, FNBF's computer records continued to show an unpaid balance on the $737K note. In 2003, Earl paid funds to FNBF which were credited towards the alleged balance of the $737K note, reducing that balance to $575,000. And in December 2004, Pichon signed an auditor's letter acknowledging that the unpaid balance of the $737K note was $575,000. Thereafter, no further principal payments were made on the $737K note, and on January 6, 2004, the loan record showed a zero balance. However, in 2005, FNBF's computer records were adjusted to show an unpaid balance of $575,000. On the same date in December 2002 that FNBF received the proceeds for the sale of GPP, credit was given on FNBF's computer record showing that the $650K note was fully paid.

On March 27, 2006, AHB filed a complaint against Pichon and several other defendants,[2] and on October 16, 2006, AHB filed its second amended complaint alleging in relevant part that Pichon had conspired with officers of FNBF to commit criminal acts. And on June 1, 2010, AHB filed a third amended complaint adding in relevant part allegations of non-payment by Pichon on the $737K note and the $650K note. AHB had acquired FNBF following a merger. The two notes were payable to FNBF and its successors and assigns. Pichon filed a counterclaim alleging fraud and conversion. In particular, Pichon alleged that AHB was not the real party in interest; that Pichon's signature on the $650K note was a forgery; and that the $737K note had been satisfied following the sale of the GPP.

---

[2] Pichon was the only defendant remaining in the case at the time of trial.

The trial court entered a final pretrial order ("PTO") on February 1, 2011. A section of the PTO entitled "Issues for Trial: On Claims of AH[B] against Pichon" stated as follows:

1.    Whether Pichon signed the Promissory Note of November 2002 (the "650K Note").
2.    Whether AH[B] has "standing" to enforce the 650K note against Pichon.
3.    Whether there is an unpaid balance owing to AH[B] on the 650K Note and, if so, the amount thereof.
4.    Whether AH[B] is entitled to recovery of reasonable attorney fees on the 650K Note and, if so, the amount thereof.
5.    Whether there is an unpaid balance owed by Pichon on the December 2000 Promissory Note (the "737K Note").
6.    Whether the proceeds arising from Pichon's sale of the [GPP] should have been applied to pay the balance owing on the 737K Note at the time of such sale.
7.    Whether the proceeds arising from Pichon's sale of the [GPP] were wrongly or incorrectly credited as paying or paying down the 650K Note.
8.    Whether Pichon made any payment on the 650K Note except for funds arising from his sale of the [GPP].
9.    Whether AH[B] is entitled to reasonable attorney fees if it recovers [on] its claim based on the 737K Note and, if so, the amount of such fees.
10.   Whether, by entering into the 650K Note, Pichon was a knowing participant in a scheme through which funds were obtained from [FNBF] by or in violation of I.C. 35-43.
11.   Whether [FNBF] suffered pecuniary loss for purposes of I.C. [§] 34-23-3-1 as a result of a violation of I.C. 35-43.
12.   Whether AH[B] is entitled to an award of treble damages and attorney's fees against Pichon under I.C. [§] 34-24-3-1 and, if so, the amounts thereof.

Appellant's App. at 44-45. With respect to contentions to be asserted at trial by Pichon, the PTO stated that Pichon incorporated his "Answers, Affirmative Defenses and Counterclaims as his contentions." Id. at 49.

5

During the two-day bench trial, Pichon sought to introduce into evidence an original of the $650K note stamped "paid" which had been included as Plaintiff's Exhibit 33 in AHB's exhibit book prior to trial. Transcript at 121. AHB objected on the grounds that Pichon had not asserted the affirmative defense of payment under Trial Rule 8(C). Pichon argued that the exhibit was admissible because it was included in AHB's own exhibit book and, more importantly, because it was relevant to AHB's own stated issue in the PTO of "[w]hether there is an unpaid balance owing to AH[B] on the 650K Note and, if so, the amount thereof." Appellant's App. at 44. AHB maintained that it was too late for Pichon to amend his contentions as listed in the PTO, and the trial court agreed. The trial court ruled that it would allow the evidence, but it reserved the issue of the exhibit's admissibility for a later determination. After trial, the trial court ruled that the proffered exhibit, now labeled Defendant's Exhibit A, was excluded from the evidence because Pichon had not asserted the affirmative defense of payment in his answer and had not asserted the issue in the PTO.

Following the conclusion of the trial, the trial court entered findings and conclusions as follows:

A.    Findings of Fact –

1.    On December 28, 2000, Pichon borrowed $737,000.00 from the First National Bank of Fremont ("FNBF"), to purchase a parcel of commercial real estate ("Growth Parkway Property") located in Steuben County, Indiana.
2.    Pichon executed a Promissory Note for $737,000.00 ("737K Note") and Mortgage to serve as collateral for the loan.
3.    Pichon, thereafter, entered into a Lease/Purchase Agreement with Vernous Conduit Corporation.
4.    The Growth Parkway Property was leased to the Vernous Conduit Corporation for $18,425.00 per quarter.

6

5. The lease payments were to be applied by FNBF to pay down the 737K Note.

6. Thereafter, the Growth Parkway Property was sold. Closing occurred on December 23, 2002.

7. The sale price for the Growth Parkway Property was $729,000.00.

8. No part of the sale proceeds were applied to the 737K Note, or distributed to Pichon.

9. Rather, the $729,000.00 sale proceeds were utilized in part to pay down an unrelated Note that Pichon had with FNBF, with the remainder being paid to George T. McNaughton.

10. At some point prior to November 22, 2002, Earl F. McNaughton ("McNaughton") approached Tom Christlieb ("Christlieb") about a problem he was having. The problem revolved around McNaughton's need for $650,000.00. McNaughton was aware of Christlieb's longstanding relationship as a bank customer with Pichon. McNaughton requested that Christlieb communicate with Pichon and see if he would be willing to borrow from FNBF the sum of $650,000.00 which would in some manner then be diverted from FNBF to McNaughton.

11. Christlieb did so, and Pichon executed an unsecured Promissory Note in the sum of $650,000.00.

12. Pichon received no consideration from his executing the $650,000.00 Promissory Note ("650K Note") at the request of Christlieb.

13. The 650K Note is the Promissory Note the Court made reference to above at Finding of Fact #9 that was credited by FNBF with being fully paid upon the Growth Parkway Property being sold.

14. Pichon was unaware this was occurring.

15. On December 23, 2002, the 737K Note had an unpaid balance in the amount of $575,000.00.

16. On August 25, 2011, this Court entered its ruling on a reserved evidentiary issue. The Court determined that Pichon would not be permitted to show that any part of the 650K Note had been paid owing to the fact that the affirmative defense of payment had not been put forth by Pichon in the Pre-Trial Order as a contested issue.

17. Additional facts will be set forth hereinafter as deemed necessary by the Court.

B. Affirmative Defenses –

18. Pichon contends that his signature on the 650K Note was a forgery. Pichon did not testify at trial.

19. The Court concludes that the overwhelming weight of the evidence shows that Pichon's signature on the 650K Note was genuine.

20. Pichon contends that FNBF committed actual or constructive fraud when he was induced to sign the 650K Note. The Court concludes that FNBF did not commit actual fraud because Pichon was well aware of the fact that these monies were in some manner going to be used personally by McNaughton, and he would be receiving no consideration for his executing the 650K Note. The Court concludes that FNBF did not commit constructive fraud. No fiduciary or other special relationship existed between FNBF and Pichon. Their relationship consisted solely of lender and borrower.

21. Pichon contends that AH[B] lacks standing to enforce his obligation under the 650K Note. The Court concludes that AH[B] occupies the status as "holder" of the 650K Note, therefore, AH[B] has standing to enforce the Note according to its terms subject to any affirmative defenses successfully put forth by Pichon.

C.    Counterclaims—

22. Pichon contends that FNBF breached a fiduciary duty it owed to him by virtue of FNBF serving as his closing agent upon the sale of the Growth Parkway Property which he did not personally attend. FNBF was Pichon's banking institution, not his closing agent.

23. Pichon contends that FNBF committed the criminal act of conversion in the manner with which it diverted monies following closing on the Growth Parkway Property causing him to suffer a pecuniary loss and, therefore, he should be entitled to treble damages pursuant to the Crime Victim's Compensation Act found at Ind. Code [Section] 34-24-3-1.

24. Pichon argues that on December 23, 2002, he owed FNBF the sum of $1,225,000.00 ($575,000.00 + $650,000.00 = $1,225,000.00). FNBF received $729,000.00 upon Pichon's sale of the Growth Parkway Property leaving a balance owed by Pichon to FNBF on the $737K Note and 650K Note of $496,000.00 ($1,225,000.00-$729,000.00 = $496,000.00).

25. Pichon argues that the sum of $154,000.00 ($650,000 - $496,000 = $154,000.00) should serve as a set off against the amount the Court finds owing to AH[B] on the 650K Note.

26. Ind. Code 34-24-3-1 provides, in relevant part, as follows:
"If a person suffers a pecuniary loss as a result of a violation of IC 35-43, IC [§] 35-42-3-3, IC [§] 35-42-3-4, or IC [§] 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
(1)  An amount not to exceed three (3) times the actual damages of the person suffering the loss.
(2)  The costs of the action.

(3) A reasonable attorney's fee. . . ."

27. Ind. Code [§] 35-43-4-3 provides, in relevant part, as follows:
"(a) A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor. . ."

28. Criminal conversion is a compensable offense for which treble damages may be awarded under Ind. Code [§] 34-24-3-1.

29. The evidence before the Court reveals that upon closing the sale of the Growth Parkway Property the proceeds were not simply credited by FNBF to pay off the $575,000.00 unpaid balance owed it on the 737K Note, with the $154,000.00 excess being remitted to Pichon. This was not done by FNBF acting through McNaughton and other inside agents of FNBF. Rather, the $154,000.00 was knowingly used by FNBF, through its agents, in a manner not authorized by Pichon, but, in a manner designed to personally benefit McNaughton.

30. The Court concludes that FNBF did engage in an act of criminal conversion. Pichon, therefore, is entitled to damages pursuant to Ind. Code [§] 34-24-3-1 by way of set off against his debt owing to AH[B] on the $650K Note.

D. Damages—

31. The 650K Note provides for a reasonable attorney fee upon default. Counsel for AH[B] requests an award of attorney fees/costs in the amount of $150,000.00. This amount was substantiated by testimony and time statements. This case was highly complex and required years to sort out.

32. The Court concludes that $150,000.00 is a fair and reasonable fee.

33. There is no evidence before the Court regarding Pichon's attorney fee obligation.

34. Pichon owes AH[B] $650,000.00; pre-judgment interest in the amount of $389,105.13; and, a reasonable attorney fee in the amount of $150,000.00.

35. Pichon owes AH[B] the total sum of $1,189,105.13.

36. By way of set off against the $1,189,105.13 that Pichon owes AH[B], Pichon is entitled to set off the sum of $154,000.00 x 3 or $462,000.00. Further, Pichon is entitled to set off pre-judgment interest from December 28, 2002[,] through October 1, 2011[,] calculated at the rate of eight percent (8%) per annum, or the amount of $323,729.02.

37. The Court concludes that the total amount Pichon is entitled to set off against the $1,189,105.13 amount owed to AH[B] is $785,729.02.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

1. American Heritage Banco, Inc. n/k/a American Heritage Collector, Inc. shall have judgment against defendant John N. Pichon in the amount of $403,376.11.

Appellant's App. at 25-31.

Thereafter, AHB and Pichon filed cross-motions to correct error. The trial court denied Pichon's motion, but granted AHB's motion as follows:

1. In its Judgment entered on October 14, 2011, the Court concluded, among other things, that:
(a) AHB was entitled to a judgment against Pichon in the amount of $1,189,105.13.
(b) That the Judgment awarded to AHB had to be reduced by $462,000.00 ($154,000.00 x 3 = $462,000.00) owing to what the Court concluded were acts of conversion committed by AHB.
(c) Pichon was entitled to recover legal interest on his monies which the Court determined to have been converted by AHB in the amount of $323,729.02.
(d) That after these deductions were properly taken into account, AHB was entitled to a net judgment against Pichon in the amount of $403,376.11 ($1,189.105.13 - $785,729.02 = $403,376.11).
2. AHB argues that the Court committed error when it concluded that on December 23, 2002, the 737K Note had an unpaid balance of $575,000.00 (Finding 15) and, therefore, committed error in its damages calculation.
3. AHB is correct. The Court, in reflecting upon the evidence, incorrectly determined that the balance payable on the 737K Note effective December 23, 2002 was in the amount of $575,000.00 and, further, incorrectly determined that Pichon was responsible for the reduction in the balance which remained payable to AHB on the 737K Note.
4. Effective December 23, 2002, Pichon had made no payments toward principal reduction on the 737K Note. The evidence clearly reflects that the entirety of the 737K Note was payable to AHB on December 23, 2002.

10

5.   AHB further contends that the Court committed error in finding that Pichon received no consideration from his executing the 650K Note. Although not error, the Court agrees that Finding 12 is superfluous the Court having previously determined by Order entered on February 9, 2011, that the issue of "failure of consideration" regarding Pichon's execution of the 650K Note had been waived because not specifically pleaded as an affirmative defense pursuant to Ind. Trial Rule 8(c).

6.   The Court has carefully considered each and every alleged error set forth in Pichon's Motion to Correct Error[] and at this time finds said Motion should be denied.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

1.   American Heritage Banco, Inc. n/k/a American Heritage Collector, Inc. shall have judgment against defendant John N. Pichon, Jr. in the amount of $1,189,105.13, plus costs and legal interest accruing in accordance with law.

2.   The Motion to Correct Error[] filed by defendant John N. Pichon, Jr., is denied.

Id. at 22-24. This appeal ensued.[3]

## DISCUSSION AND DECISION

### Issue One: Exclusion of Evidence

Pichon first contends that the trial court abused its discretion when it excluded from evidence Defendant's Exhibit A, which was included in AHB's exhibit book as Exhibit 33 prior to trial. Exhibit A is one of three original $650K notes[4] that Pichon

---

[3] To the extent Pichon claims that the trial court entered judgment in favor of AHB on the issue of the $737K note, Pichon is mistaken. The trial court's judgment against Pichon includes only: $650,000 (for the $650K note); prejudgment interest of $389,105.13 on the $650,000 debt; and attorney's fees of $150,000. Accordingly, we do not address Pichon's argument on appeal regarding whether the trial court erred when it entered judgment on the $737K note.

[4] As this case makes clear, the practice of executing more than one original note is fraught with risk.

11

executed,[5] and it is stamped "paid." AHB did not seek to introduce that exhibit at trial. Instead, AHB introduced into evidence Plaintiff's Exhibit 34, which was an original of the $650K note not stamped "paid."

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. Franciose v. Jones, 907 N.E.2d 139, 144 (Ind. Ct. App. 2009), trans. denied. We will reverse a trial court's decision to admit or exclude evidence only if that decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. A trial court's decision to admit or exclude evidence will not be reversed unless prejudicial error is clearly shown. Id.

Here, at trial, when Pichon sought to introduce into evidence an original of the $650K note stamped "paid," AHB objected on the ground that Pichon had not asserted the affirmative defense of payment under Trial Rule 8(C). Trial Rule 8(C) provides in relevant part that a responsive pleading shall set forth affirmatively and carry the burden of proving payment. AHB also objected on the ground that Pichon had not asserted the issue of payment in its statement of issues in the PTO. AHB contended that it was too late to amend the PTO. Pichon then made two arguments in an attempt to get Exhibit A admitted at trial. First, Pichon argued that it was admissible because it had been included on the parties' exhibit lists. Second, Pichon argued that he should be permitted to amend the PTO to reflect the issue of payment. In its order on reserved issues following trial,

---

[5] Pichon does not appeal the trial court's conclusion that his signature was not forged on the $650K note.

12

the trial court denied Pichon's verbal motion to amend the PTO and excluded Exhibit A from evidence.

We conclude, however, that no amendment of the PTO was necessary because AHB's statement of the issues for trial did not merely allege that Pichon was liable on the unpaid note in the amount of $650,000, in which case payment would be an affirmative defense. Instead, AHB framed the issue in the PTO as follows: "[w]hether there is an unpaid balance owing to AH[B] on the 650K Note and, if so, the amount thereof." Appellant's App. at 44 (emphasis added). Thus, Exhibit A, a signed original of the 650K note marked "paid," squarely addresses whether an unpaid balance is owed on the note. AHB opened the door, and a typical Trial Rule 8(C) affirmative defense of payment was not required as a condition precedent to the admission of this evidence.

Moreover, and significantly, AHB included the note marked "paid" in its exhibit book prior to trial.[6] The bank's own records showed that the note was paid, which was evidence relevant to the issue, framed by AHB, as to whether there was an unpaid balance owed on the note. Indeed, AHB could not object or claim prejudice from the admission of an exhibit showing that the note had been paid when the exhibit came from AHB's own exhibit book prepared for trial and was inconsistent with the unmarked note that AHB had introduced as Exhibit 34 at trial. Accordingly, we hold that the trial court abused its discretion when it excluded Exhibit A from evidence.

We further hold that the exclusion of Exhibit A from evidence is reversible error. The undisputed evidence shows that the $650K note was stamped "paid" on December

---

[6] During Pichon's cross-examination of Christlieb, Christlieb acknowledged that Exhibit A was included in AHB's exhibit book as Exhibit 33.

13

23, 2002. In addition, Christlieb, a bank officer, testified that the $650K note had a maturity date of February 13, 2003, and that the note had not been listed in FNBF's files as delinquent. Finally, in 2005, when Pichon's daughter, Emily, sought to transfer all of Pichon's accounts from FNBF to a new bank, Emily obtained a printout from FNBF which showed that the $650K note had a zero balance. It was AHB's burden to prove by a preponderance of the evidence that all or any part of the $650K note remained unpaid. Thus, Exhibit A was relevant, material, and probative on that issue.

While AHB is correct that Pichon did not present any evidence that he made payments towards the $650K note, it is undisputed that the loan proceeds were paid directly to FNBF, not Pichon, and FNBF had no expectation that Pichon would make payments on the $650K note. Pichon and FNBF conspired to execute this so-called "nominee" loan pursuant to Earl's request to Pichon through Christlieb. See Appellant's App. at 157.

Where evidence is erroneously excluded, reversal is justified only if the error relates to a material matter or is of such character as to substantially affect the rights of the parties. Manns v. State Dep't of Highways, 541 N.E.2d 929, 936 (Ind. 1989) superseded by statute on other grounds. Here, whether a balance on the $650K note existed was one of the primary allegations AHB made against Pichon. Again, one of AHB's "Issues for Trial" in the PTO was "[w]hether there is an unpaid balance owing to AH[B] on the 650K Note and, if so, the amount thereof." Appellant's App. at 44. Thus, AHB had the burden of proof on that issue. But because the trial court excluded Exhibit

14

A, Pichon was denied the opportunity to present the best evidence to rebut AHB's evidence that there was a balance was owing on the $650K note.

We hold that the exclusion of Exhibit A substantially affected Pichon's rights to dispute AHB's allegation that he owed anything on the $650K note. We reverse the trial court's judgment on the issue of the $650K note and remand for a new trial on that claim.[7] The trial court shall admit Exhibit A into evidence during the new trial. Because the other issues Pichon raises on appeal are likely to recur on remand, we address them in turn.

### Issue Two:  Standing

Pichon contends that AHB lacks standing to enforce the $650K note. The trial court concluded in relevant part that AHB had standing to enforce the note because AHB "occupies the status as 'holder' of the 650K Note[.]" Appellant's App. at 28. We must agree with the trial court.

Indiana Code Section 26-1-3.1-301 provides that a "person entitled to enforce instrument" means in relevant part the "holder" of the instrument. And Indiana Code Section 26-1-1-201(20) defines "holder" in relevant part as the person in possession of a negotiable instrument if the instrument is payable to an identified person if the identified person is in possession. Here, the $650K note expressly states that the note is payable to the FNBF or "its successors and assigns." Plaintiff's Exhibit 34. And in the PTO, Pichon and AHB stipulated that FNBF was merged into AHB on November 1, 2005.

---

[7] We affirm the trial court's judgment in favor of Pichon with respect to the $737K note, and that issue will not be retried on remand.

Pursuant to that merger, AHB is the successor to FNBF. The trial court did not err when it concluded that AHB has standing to enforce the $650K note.

## Issue Three: Illegality

Pichon contends that the trial court erred when it entered judgment in favor of AHB on the $650K note because the note was illegal. AHB maintains that Pichon has waived this issue for failure to assert it as an affirmative defense under Trial Rule 8(C). See Willis v. Westerfield, 839 N.E.2d 1179, 1185 (Ind. 2006).[8] Indeed, Pichon does not direct us to any part of the record indicating that he asserted the issue of illegality as an affirmative defense. Instead, Pichon insists that the issue need not be asserted as an affirmative defense. But in support of that contention, Pichon cites to a case that pre-dates the trial rules. Thus, the issue is waived. Regardless, Pichon's argument in support of this issue focuses on his counterclaims against AHB for fraud and conversion, which we address below. Pichon has not demonstrated that the $650K note is unenforceable under the doctrine of illegality.

## Issue Four: Accord and Satisfaction

Pichon next contends that he is entitled to judgment on both promissory notes under the doctrine of accord and satisfaction. First, because Pichon prevailed on the $737K note, we do not address this issue with respect to that note. Second, AHB maintains that Pichon has waived the issue for failure to assert it as an affirmative

---

[8] In Smithson v. Howard Regional Health System, 933 N.E.2d 1, 2 n.2 (Ind. Ct. App. 2010), this court observed that "a plaintiff must affirmatively show prejudice to his case before [a belatedly raised affirmative defense] can be rejected." (Quoting City of S. Bend v. Dollahan, 918 N.E.2d 343, 349-50 (Ind. Ct. App. 2009), trans. denied). Here, Pichon makes no contention that AHB failed to show prejudice as a result of his failure to assert the affirmative defense of illegality. Hence, we need not address this issue.

16

defense in his answer. See Trial Rule 8(C); see also Willis, 839 N.E.2d at 1185.[9] Pichon

asserts that he did raise the affirmative defense of accord and satisfaction in his answer.

Our review of the record shows that Pichon only raised that affirmative defense with

respect to the $737K note. Hence, we hold that Pichon has waived the issue of accord

and satisfaction for our review.

## Issue Five:  Consideration

Pichon next contends that the trial court erred when it concluded that he had

waived the issue of consideration with respect to the $650K note. But, again, Pichon did

not assert consideration as an affirmative defense in his answer, and the issue is waived.

See Trial Rule 8(C).

## Issue Six:  Counterclaims

Pichon asserted two counterclaims against AHB, namely, fraud and conversion.

But the only counterclaim relevant to the $650K note alleged fraud for forging Pichon's

name on the $650K note. The trial court found, and Pichon does not dispute on appeal,

that the $650K note was not forged. Accordingly, there is no counterclaim to address on

appeal regarding the $650K note.[10]

Pichon also contends that AHB misappropriated the funds from the sale of GPP

and that he suffered harm as a result of that alleged conversion. The trial court found that

---

[9] Again, Pichon makes no contention that AHB failed to show prejudice as a result of his failure to assert the affirmative defense of accord and satisfaction. Hence, we need not address this issue.

[10] To the extent Pichon contends that AHB committed fraud and/or conversion when it did not give him $650,000 when he executed the $650K note, the trial court found that Pichon was aware that those funds were meant to go to Earl at the note's inception. Pichon now claims that that finding was not supported by the evidence, but we disagree. Pichon's claim on this issue amounts to a request that we reweigh the evidence, which we will not do.

17

AHB committed criminal conversion when it misappropriated $154,000 following the sale of GPP. And the trial court initially awarded Pichon treble damages for that conversion. But in granting AHB's motion to correct error, the trial court concluded that AHB had not converted any of Pichon's money, that Pichon had not suffered any pecuniary loss, and that Pichon was not, therefore, entitled to treble damages under Indiana Code Section 34-24-3-1.[11] On appeal, Pichon does not direct us to any part of the record showing that he suffered a pecuniary loss as a result of AHB's conduct. The trial court did not err when it granted AHB's motion to correct error on these issues.

## Issue Seven:  Prejudgment Interest

Pichon next contends that the trial court erred when it ordered him to pay $389,105.13 in prejudgment interest on the $650K note. In support of that contention, Pichon maintains that he had "tendered to FNBF full payment of all outstanding loans" in 2005. Brief of Appellant at 37. And he claims that AHB is not entitled to prejudgment interest because the "calculation of prejudgment interest [in this case] is not a simple mathematical computation[.]" Id. at 36. We address each contention in turn.

First, again, because we reverse the trial court's judgment regarding the $650K note, whether Pichon owes anything on that note, including prejudgment interest, will be determined on remand. Second, Pichon is correct that "the crucial factor in determining whether damages in the form of prejudgment interest are allowable is whether the damages were ascertainable in accordance with fixed rules of evidence and accepted standards of valuation." See Bopp v. Brames, 713 N.E.2d 866, 872 (Ind. Ct. App. 1999),

---

[11] Indiana Code Section 34-24-3-1 provides in relevant part that if a person suffers a pecuniary loss as a result of property offenses, such as conversion, he may bring a civil action for treble damages.

18

trans. denied.  An award of prejudgment interest is proper only where a simple mathematical computation is required.  Id.  Damages that are the subject of a good faith dispute cannot allow for an award of prejudgment interest.  Id.  Here, we reject Pichon's contention that more than a simple mathematical computation is required to determine the amount of prejudgment interest owing on the $650K note, should Pichon be found liable for all or some of the balance owed on the note.  Accordingly, the trial court may properly award prejudgment interest on remand, if appropriate.

### Issue Eight:  Attorney's Fees

Pichon contends that the trial court abused its discretion when it awarded attorney's fees to AHB in the amount of $150,000.  In particular, Pichon maintains that the award is unreasonable because AHB only prevailed on its claim regarding the $650K note but claimed attorney's fees that predated that claim.  Because we reverse the judgment in favor of AHB on the $650K note, we also reverse the award of attorney's fees for AHB, which derive from the terms of that note.

### Issue Nine:  Set-off

Finally, Pichon contends that he is entitled to a set-off against the award to AHB in the amount of $162,000.  In particular, Pichon states that "in addition to paying off the 737K Note in its entirety from the proceeds of the sale of GPP, Earl made 2 other payments against the Pichon loans in 2003, totaling $162,000."  Brief of Appellant at 38-39.  Pichon maintains that his liability on the $650K note should be reduced by that amount to avoid a windfall to AHB.  The evidence appears to be undisputed that Earl made those payments totaling $162,000.

19

AHB contends, however, that Pichon has waived the issue of a set-off for failure to assert it as a counterclaim or include it in the PTO.  However, in its argument on appeal in support of the attorney's fee award, AHB avers that "[t]o prevail on its claim under the 650K Note, AH[B] had to address the counterclaims filed by Pichon through which he sought 'set offs' which would reduce any recovery by AH[B] on the 650K Note."  Brief of Appellee at 34.  AHB cannot have it both ways.  We hold that if Pichon is found liable on the $650K note on remand, he is entitled to a set-off in the amount of $162,000.[12]  See Crider & Crider, Inc. v. Downen, 873 N.E.2d 1115, 1119 (Ind. Ct. App. 2007) (observing that the law disfavors a windfall or a double recovery).

**Conclusion**

While Pichon failed to raise the affirmative defense of payment in his answer, AHB included in its statement of issues for trial in the PTO the issue of "[w]hether there is an unpaid balance owing to AH[B] on the 650K Note and, if so, the amount thereof."  Appellant's App. at 44.  Accordingly, Exhibit A, which is an original of the $650K note stamped "paid," is relevant to the issue of whether there is an unpaid balance on that note, and the trial court should have admitted it into evidence.  The trial court's exclusion of Exhibit A prejudiced Pichon to such an extent that we hold it was reversible error.  We reverse the trial court's judgment with respect to the $650K note, only, and remand for a new trial on that issue.  To the extent that the remaining issues will recur on remand, we hold that:  AHB has standing to sue Pichon on the $650K note; Pichon has waived the

---

[12]  To the extent AHB contends that Pichon is not entitled to a set off because the payments were made on the loans by Earl, we direct AHB to Indiana Code Section 26-1-3.1-602, which provides in relevant part that "an instrument is paid to the extent payment is made . . . by or on behalf of a party obliged top ay the instrument[.]"  To be clear, however, because Pichon has not shown that he suffered a pecuniary loss, Pichon is not entitled to treble damages under Indiana Code Section 34-24-3-1.

issues of illegality, accord and satisfaction, and consideration; the trial court did not err when it denied Pichon an award on his counterclaims for failure to show pecuniary loss; prejudgment interest is appropriate in this case should AHB prevail on retrial; and Pichon is entitled to a set-off in the amount of $162,000 if he is found to be liable on the $650K note on retrial.  Finally, we reverse the trial court's attorney's fee award.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

KIRSCH, J., and MAY, J., concur.